## Badger Paper Co. v. James Pease et al.

1. WAIVER—*Of Error in Quashing Writ of Garnishment.*—When a writ of garnishment is quashed as to a defendant and he answers interrogatories afterward filed, all errors in quashing the writ are waived.

**Attachment and Garnishee Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Submitted at the March, 1895, term of this court and dismissed. Opinion filed April 22, 1895.

### STATEMENT OF THE CASE.

On the 19th day of January, A. D. 1895, an affidavit for attachment was filed in the Superior Court of Cook County, alleging that the defendant, Francis Wheeler, was indebted to the plaintiff, the Badger Paper Company, in the sum of $638.83, upon a promissory note, and that the defendant,

Francis Wheeler, had within two years last past fraudulently conveyed, or assigned his effects, or a part thereof, so as to hinder and delay his creditors.

Upon filing this affidavit and bond as provided for by the statute, an attachment writ was issued, directed to the coroner of Cook county to execute. And on the same day James Pease, sheriff of Cook county, and Edgar L. Jayne, of Chicago, were served as garnishees.

On the first day of February, A. D. 1895, James Pease, one of the garnishees, entered a special appearance for the sole purpose of moving the court to quash the writ of garnishment against him.

On February 2, A. D. 1895, James Pease, said garnishee, moved the court to quash the writ of garnishment and service upon him as garnishee, and discharge him as such garnishee, and in support of said motion offered to read the following affidavit:

STATE OF ILLINOIS,  ⎱ ss.
County of Cook.     ⎰

BADGER PAPER COMPANY  ⎫
        vs.           ⎬ Attachment.
    FRANCIS WHEELER.   ⎭

James Pease, sheriff of Cook county et al., garnishees.

Charles W. Peters, being first duly sworn, on oath deposes and says that he is the chief deputy sheriff of Cook county, Illinois, and that on the 7th day of January, 1895, an execution was placed in the hands of said James Pease, sheriff of Cook county, for $4,074.43 and $10 costs, at the suit of Mary Walter v. Francis Wheeler, on a judgment entered that day in the Circuit Court of Cook County, and that on said 7th day of January, 1895, said sheriff levied on personal property of said Francis Wheeler, at No. 106–8 West Washington street, Chicago, and after duly advertising the sale, duly sold the said property at sheriff's sale according to law, and now has on hand as the proceeds of said sale a certain sum of money ready to be turned over, and to apply on said execution, but not sufficient amount to satisfy the same in full, and that said James Pease, sheriff, etc.,

received and holds the said money solely and only, by having levied upon and sold said property, and converted the same into money under said judgment and execution as the sheriff of Cook county, in his official capacity as such sheriff and not otherwise, and that he has no right, title or interest in or to said money except as sheriff, as aforesaid; and this affiant further says that on or about the 19th day of January, 1895, the coroner of Cook county, State of Illinois, served said James Pease, sheriff of Cook county, Illinois, as garnishee in said attachment suit of said Badger Paper Company against said Francis Wheeler, which said attachment writ recites that the said plaintiff is entitled to recover of said defendant, Francis Wheeler, the sum of $688.83, and which said writ is returnable on the 4th day of February, 1895, a copy of which said writ is hereto attached and made a part hereof, and because the said sheriff has been served as garnishee, as aforesaid, he declines to pay over any portion of the money received by him and now held by him, as aforesaid, on said execution, unless the said garnishee writ and the service aforesaid on him as garnishee, as aforesaid, is quashed.

Charles W. Peters.

To the reading of which the plaintiff objected. The court overruled the objection of the plaintiff and permitted the affidavit to be read, and after the reading of said affidavit, the court quashed the writ of garnishment as against James Pease and discharged him as garnishee, to which decision of the court the plaintiff excepted. The ruling of the court permitting Peters' affidavit to be read in support of the motion to quash, and the quashing of the writ of garnishment as to James Pease are the principal grounds of error complained of by the plaintiff.

Wilber, Eldridge & Alden, attorneys for appellant.

Edgar L. Jayne, attorney for appellees.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

Notwithstanding the order quashing the writ as to James

Pease, interrogations were afterward filed and he has an swered the same. The cause seems to be now by his appearance pending against him.

The appeal is therefore dismissed.